IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS JAYE and SEAN MADELMAYER, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:19-cv-1523-X |
| CRANE MERCHANDISING SYSTEMS, INC. and COMPASS GROUP USA, INC. D/B/A CANTEEN VENDING SERVICES, INC., | § § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Compass Group USA, Inc. has filed a Motion to Stay in Favor of First-Filed Case. *See* Dkt. No. 14.

United States District Judge Sam A. Lindsay referred the motion to the undersigned magistrate judge for hearing, if necessary, and determination, *see* Dkt. No. 23, and the case was subsequently reassigned to United States District Judge Brantley Starr, *see* Dkt. No. 27.

Plaintiffs did not file a response, and the time to do so has passed.

For the following reasons, the undersigned grants the motion.

### **Background**

Compass Group owns and operates vending machines that sell food and beverage products. *See* Dkt. No. 15 at 2. It has been sued in two purported class actions in which

-1-

plaintiffs assert Compass Group charges customers' credit or debit cards an amount that exceeds the prices displayed on its vending machines.

On October 28, 2018, George Moore and Virginia Carter, on behalf of themselves and all others similarly situated, sued Compass Group, alleging breach of contract, consumer fraud, unjust enrichment, conversion, and money had and received. *See* Dkt. No. 14 at 2; Dkt. No. 15 at 2-24. That lawsuit is pending in the United States District Court for the Eastern District of Missouri. *See Moore v. Compass Group USA, Inc.*, Cause No. 4:18-cv-1962-RLS (E.D. Mo.). The putative class is defined as follows:

> Class: All persons or entities who, within the applicable statute of limitations proceeding from filing of this law suit to the date of class certificaion, purchased an item from a vending machine owned or operated by Defendant in the United States with a credit, debit or prepaid card and were charged an amount in excess of the price displayed for that item on the vending machine, except for items purchased from a vending machine that stated that charges would be increased for purchases with a card.

Dkt. No. 15-1 at 10. Discovery has commenced, and the Court has ruled on a Motion to Dismiss, Motion to Transfer Venue, and Motion for Protective Order.

On May 3, 2019, Francis Jaye and Sean Madelmayer, individually and on behalf of all others similarly situated, sued Compass Group and Crane Merchandising Systems, Inc., alleging breach of contract, unjust enrichment, and fraud. *See* Dkt. No. 1-1. The suit was originally filed in the 162nd Judicial District court of Dallas County, Texas, and removed to this Court. *See* Dkt. No. 1; Dkt. No. 1-1. Plaintiffs define two putative classes:

> A. Damages Class: all individuals in the United States (i) that completed a purchase from a vending machine owned and/or operated by Defendants from November 21, 2015, and continuing through the present;

(ii) that paid for said purchase with a valid credit or debit card; and (iii) was charged, and paid for, any amount over the amount listed on the vending machine as the price of the item(s) sold; and

B. Consumer Fraud Class: all individuals in the United States (i) that completed a purchase from a vending machine owned and/or operated by Defendants from November 21, 2015, and continuing through to the present; (ii) that paid for said purchase with a valid credit or debit cared; and (iii) was charged, and paid for, any amount over the amount listed on the vending machine as the price of the item(s) sold.

Dkt. No. 1-1 at 7.

Pursuant to the first-to-file rule, Compass Group requests that the Court stay this case pending resolution of the motion for class certification in the first-filed case.

**Legal Standards**

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The first-to-file rule is a discretionary doctrine" that "rests on principles of comity and sound judicial administration," animated by the concern "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (internal quotation marks omitted).

According to this well-settled rule, typically, if the instant case pending before the Court and an earlier-filed case pending in another federal court "overlap on the substantive issues, the cases [should] be ... consolidated in ... the jurisdiction first seized of the issues." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)

(internal quotation marks omitted). That is because "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed," and, "[t]herefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* at 920 (internal quotation marks omitted). "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Cadle*, 174 F.3d at 605 (internal quotation marks omitted).

"The rule does not, however, require that cases be identical"; rather, regardless of whether the issues or parties in the cases are identical, "[t]he crucial inquiry is one of 'substantial overlap,'" and if the cases "overlap on the substantive issues, the cases [are] required to be consolidated in ... the jurisdiction first seized of the issues." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (internal quotation marks omitted); *see also id.* at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

If this Court finds that the issues in the two case might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [Missouri] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606. The Fifth Circuit has also explained

that,

> [i]n addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it. A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer. If that court transfers the first-filed action, the stay could be lifted and the actions consolidated. If the transfer is denied, however, the stay could be lifted and the second-filed action dismissed or transferred.

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 n.1 (5th Cir. 1985); *Cadle*, 174 F.3d at 606.

## Analysis

Compass Group has adequately shown that the instant case and the earlier-filed Missouri case overlap on the substantive issues. Both cases are based on allegations that Compass Group allegedly charged amounts over prices listed on its vending machines when customers purchased products with credit or debit cards. The claims raised in the instant case – breach of contract, unjust enrichment, and fraud – are also raised in the first-filed case. Plaintiffs here, and the class they purport to represent, fall within the putative class defined in the first-filed case, and, if a case is certified in Missouri, Plaintiffs in this case will be represented by plaintiffs there. And, since Plaintiffs dismissed their claims against Crane Merchandise Systems, Inc. in this case, *see* Dkt. No. 24, Compass Group is the only defendant in both cases.

Plaintiffs did not file a response and, thus, do not dispute Compass Group's reasons for seeking a stay.

But, under Fifth Circuit precedent, a stay is not the appropriate remedy – rather, where a motion to transfer has already been denied in the *Moore* case and the court

takes judicial notice that another case was recently transferred from a California federal court to the Eastern District of Missouri and is now subject to a motion to consolidate with the *Moore* case, this case should be transferred to the United States District Court for the Eastern District of Missouri for that court to consider how it should proceed in connection with *Moore v. Compass Group USA, Inc.*, Cause No. 4:18-cv-1962-RLS (E.D. Mo.). *See Cadle*, 174 F.3d at 606; *West Gulf*, 751 F.2d at 729 n.1; *Johnson v. Drake*, No. 3:16-cv-1993-L, 2017 WL 7736406 (N.D. Tex. Dec. 20, 2017); *Brocq v. Lane*, No. 3:16-cv-2832-D, 2017 WL 1281129, at *4 (N.D. Tex. Apr. 6, 2017).

**Conclusion**

The Court GRANTS Defendant Compass Group USA, Inc.'s Motion to Stay in Favor of First-Filed Case [Dkt. No. 14] and ORDERS that this action will be transferred the Eastern Division of the United States District Court for the Eastern District of Missouri on **February 14, 2020**, to allow any party to file an objection to Judge Starr within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

SO ORDERED.

DATED: January 24, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE